UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/08

---

DIARIO EL PAIS, S.L. and PRISACOM, S.A., )
)
Plaintiffs, )
)
v. )   Case No. 07 Civ. 11295 (HB)(GWG)
)
THE NIELSEN COMPANY (US), INC., )
)
Defendant. )

---

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties anticipate that discovery and trial will require production of documents and testimony which contain trade secret, confidential and proprietary information requiring protection against unrestricted disclosure and use; and

WHEREAS, the parties believe that entry of this Stipulated Protective Order (the "Order") will provide a level of confidentiality appropriate to the sensitivity of the documents and information at issue and consistent with the need for a fair disposition of the action:

NOW THEREFORE, it is hereby AGREED and ORDERED that subject to a determination by this Court at any time that such information is not in fact of a confidential and proprietary nature, and therefore, outside the scope of this Order:

1.  "Subject Litigation" refers to *Diario El Pais, S.L., et al. v. The Nielsen Company (US), Inc.*, Civil Action No. 07-11295 (HB) (S.D.N.Y.).

2.  This Order shall apply to any information, document or thing produced in discovery in the Subject Litigation (hereafter "Material" or "Materials") that is (a) owned,

DM_US:21091567_1

controlled, or in the possession of plaintiff or defendants, or (b) owned, controlled, or in the possession of a third party who elects (pursuant to Paragraph 10 below) or is ordered to provide discovery in this case under the terms and conditions of this Order (such third parties, together with plaintiff and defendants, shall be referred to collectively hereafter as "parties"). Such Materials shall also include, without limitation, testimony adduced at depositions; answers to interrogatories and requests for admission in this action; documents and things produced pursuant to requests in this action; and documents and things provided pursuant to subpoena in this action. Such Materials shall include all information, filings, documents and things relating in any way to the substance of the foregoing.

3. Any party (the "Designating Party") may designate as "Confidential" any Material that is produced in the Subject Litigation that is of a nonpublic, proprietary, personal, private, commercially-sensitive nature, or that includes "trade secret" information ("Confidential Information"). By way of example and not limitation, Confidential Information may include information relating to sales, costs, pricing, profits, research, product designs, business plans, finances, employment policies, customer identities, or internal procedures, or the like. The omission of any type of information from the preceding sentence in no way implies that such information may not be designated as Confidential Information. In designating information as confidential, the Designating Party will make such designation only as to that information that it reasonably and in good faith believes contains personal, private, competitively sensitive, proprietary or trade secret information.

4. The term Confidential Information shall not include information that:

    a) was known to the public or persons in the parties' industries prior

to receipt from the supplying party; or

    b)  becomes known to the public or persons in the parties' industries through no fault of the receiving party; or

    c)  comes into the possession of the receiving party from a source not under any legal obligation to maintain the confidentiality of the information.

    5.  Confidential Information shall be designated by marking on each page of a document containing the Confidential Information: "CONFIDENTIAL," or, in the case of documents produced in native format, Confidential Information may be designated by marking the media and folders in which the documents are contained "CONFIDENTIAL." In lieu of marking the original of a document if the original is not produced, the Designating Party may mark the copies that are produced or exchanged. In circumstances where such marking is impossible or impractical, the Designating Party shall designate that Material as "Confidential" or "CONFIDENTIAL" in writing at the time of its production.

    6.  "CONFIDENTIAL" testimony shall be identified as such during the course of the deposition or other proceeding in which it is given, but the designation of the confidentiality of testimony may be deferred until thirty (30) days after receipt of the transcript, in which case such transcript or the information revealed at the deposition shall not be disclosed to anyone other than those persons defined in Paragraph 8 below before the receipt of such a designation or upon the passage of thirty (30) days from the receipt of the transcript, and after a designation, before the portions of the transcript designated confidential or the Confidential Information is removed. Confidential portions of the transcripts shall be segregated into separate binders, to the extent feasible, and in all cases the word "CONFIDENTIAL" shall appear on each

designated transcript page.

7. Materials, including all Confidential Information, produced or exchanged in the course of this litigation, and any summaries, compilations, copies, abstracts, or other documents or things derived in whole or in part from any Confidential Information, shall be used solely for the purpose of the Subject Litigation and for no other purpose, subject to the terms of this Order. For the avoidance of doubt, nothing in this Paragraph 7 shall be read to affect any party's use of any information, document, or thing that was lawfully in its possession prior to the commencement of the Subject Litigation or any information, document, or thing obtained other than by discovery from parties and/or third parties in the Subject Litigation even if said information, document or thing is the same as or refers to Materials, including Confidential Information, produced or exchanged in the Subject Litigation.

8. Except upon the prior written consent of the Designating Party, Material designated "CONFIDENTIAL" under the terms hereof shall not be disclosed, summarized or otherwise made available to anyone except:

a) Partners, associates, employees, and attorneys who are of counsel to each outside law firm currently representing one of the parties to this litigation. If additional counsel become associated or retained in the representation of one or more parties, such counsel (and their partners, associates, employees, and attorneys practicing of counsel) shall be subject to the Order.

b) Parties, in-house attorneys, officers, directors and other employees of a party to whom it is necessary that the Material be shown for the purpose of this litigation.

c) Third-party consultants and experts (and their employees)

consulted or retained by any party's counsel for the purpose of assisting in the conduct of the Subject Litigation, provided that counsel, in good faith, requires their assistance in connection with the Subject Litigation, and further provided that any report created by such consultant or expert relying on or incorporating Confidential Information in whole or in part shall be designated as "Confidential" by the party responsible for its creation. All such persons shall sign an undertaking in the form of Exhibit "A" attached hereto to maintain the information as Confidential Information.

    d) Deponents and witnesses or prospective witnesses in the Subject Litigation, where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation or discovery. All such persons shall sign an undertaking in the form of Exhibit "A" attached hereto to maintain the information as Confidential Information.

    e) The Court and its employees, court reporters or non-parties in depositions or hearings, who shall be made aware of the confidential nature of this information and the existence of this Order.

    f) Third-Party vendors who provide copying and document management services. All such persons shall sign an undertaking in the form of Exhibit "A" attached hereto to maintain the information as Confidential Information.

    g) Any other person who by agreement of the parties or Order of the Court, after notice to all parties and opportunity to be heard, is deemed entitled to receive Confidential Information. All such persons shall sign an undertaking in the form of Exhibit "A" attached hereto to maintain the information as Confidential Information. For the avoidance of doubt, nothing in this Paragraph 8 shall be read to affect the ability of a party to introduce

Confidential Information into evidence at trial.

        9.     Every person defined in Paragraph 8(c), 8(d), 8(f), and 8(g) hereof, to whom Confidential Information is disclosed, summarized, described, or made available in whole or in part shall first be advised that it is being made available under this Order; they shall be given a copy of this Order; they shall agree to be bound by this Order; they shall evidence their consent to be bound by this Order by signing and dating a copy of the confidentiality undertaking annexed hereto as Exhibit A; and the attorneys of record making the information available shall retain all signed copies of such confidentiality undertaking. This paragraph 9 shall not apply to persons to whom Confidential Information is disclosed at trial. In the event that the Subject Litigation proceeds to trial, the parties agree (pursuant to Paragraph 18 below) to be bound by whatever protections the Court deems appropriate to protect such Confidential Information during said trial.

        10.     Third parties subject to discovery requests in this action may agree to be bound by the terms of this Order by signing Exhibit "A" and, subject to the conditions of this Order, may designate information produced as "CONFIDENTIAL" in the manner provided herein. A signed copy of Exhibit "A" shall be provided by the third party to counsel for each party prior to the disclosure of Confidential Information.

        11.     Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

12. All those to whom Confidential Information is disclosed pursuant hereto shall forever protect, safeguard, and otherwise respect the confidential nature of such information; shall not disclose it to any person other than those identified in paragraph 8 who are entitled to have it made available to them; shall not use it for any purpose other than for the good faith conduct of this action as set forth in Paragraph 7 above; and shall maintain all documents and things that are or contain Confidential Information in a secure place where unauthorized disclosure cannot reasonably be expected to occur. For the avoidance of doubt, nothing in this Paragraph 12 shall affect the ability of a party to introduce Confidential Information into evidence at trial.

13. Any summary, compilation, notes, copy, electronic images or database containing Materials designated as "Confidential" shall be subject to the terms of this Order to the same extent as the Material from which such summary, compilation, notes, electronic image, or database is made or derived.

14. In the event that a party produces a document, other tangible thing, discovery response, or other Material containing Confidential Information and inadvertently fails to designate it as such, the party may notify the other parties in writing within ten (10) business days of discovery of its inadvertent failure to make the confidentiality designation, in which event the parties shall henceforth treat such information in accordance with a "CONFIDENTIAL" designation under the terms hereof. All parties who received the information without the "CONFIDENTIAL" designation shall return the non-designated copy to the party that inadvertently produced the Material without the proper designation (the "Producing Party") or destroy it or will take such other steps as the parties agree to in writing, and the

Producing Party shall produce the Material again, where possible, conspicuously marked "Confidential."

15. In the event that a party inadvertently produces information that is protected by the attorney-client privilege, work product doctrine or any other privilege, within ten (10) business days after the producing party discovers the inadvertent disclosure the producing party may make a written request to other parties to return or destroy the inadvertently produced privileged document(s). All parties who received the inadvertently produced privileged document(s) shall return the document(s) to the producing party or destroy the document(s) immediately upon receipt of the written request, and any notes of the inadvertently produced privileged document(s) shall be destroyed or otherwise made inaccessible to all parties. By returning or destroying the document(s), the receiving parties are not conceding that the document(s) is (are) privileged and are not waiving their right to later challenge the substantive privilege claim; except that they may not challenge the privilege claim by arguing that the inadvertent production waived the privilege.

16. A party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the supplying party of any information as "CONFIDENTIAL" the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party desiring to maintain the confidentiality of the information shall file a motion for appropriate relief with the Court after the parties have reached an impasse. Until the Court resolves the motion, the document(s) or information will be treated

as Confidential Information. The burden to demonstrate "good cause" shall remain with the party designating the information "CONFIDENTIAL" and seeking protection over same, in accordance with Fed. R. Civ. P. 26(c).

17. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing Confidential Information, shall be submitted to the Court with a request that they be filed under seal and kept under seal until further order of the Court. Where feasible, only the portions of papers containing Confidential Information shall be submitted for filing under seal. All such documents filed with the Court shall be in a sealed envelope bearing the caption of this litigation, an identification of the contents and the legend "Confidential Information sealed pursuant to Order of the Honorable Judge Harold Baer, Jr., United States District Court Judge for the Southern District of New York." To the extent that an Order of the Court is not obtained, or may not be obtained in a sufficient amount of time in order to meet a court-ordered deadline, the party shall file the document with the Clerk only after redacting all Confidential Information contained therein. However, the party filing such document shall provide an unredacted copy of the document to the Court, by way of Chambers' Copy, and to counsel in the Subject Litigation.

18. During trial or an evidentiary proceeding in this action, Confidential Information produced pursuant to this Order may be offered into evidence and retained by the Court. However, it is the parties' expressed desire that such Confidential Information shall not lose its confidential status through such use, and the parties shall request the Court to take all reasonable steps to protect its confidentiality during such use. Such reasonable steps shall not include any measures that would affect the ability of a party to introduce any Confidential

Information into evidence at trial.

19. If any court, regulatory, or administrative agency issues a subpoena, request, or order that seeks or purports to require production of Confidential Information, the party receiving such subpoena, request, or order shall promptly notify the party who designated the information "CONFIDENTIAL" of the pendency of such subpoena, request, or order, and shall forward to the designating party a copy of the subpoena, request, or order for the purpose of enabling the Designating Party to seeks appropriate relief prohibiting or limiting disclosure of Confidential Information, and in no event not less than ten (10) business days prior to the date disclosure is requested. However, if the subpoena, request, or order requires action by the recipient in less than ten business days, the recipient shall act promptly under the circumstances to notify the party who designated the information "CONFIDENTIAL."

20. The provisions of this Order regarding the use and disclosure of Confidential Information shall survive the conclusion of the Subject Litigation. Upon the final resolution of the Subject Litigation, including any appeal therefrom, any Confidential Information that has been filed under seal or submitted for identification or introduced into evidence at any hearing or trial in this litigation may be withdrawn by counsel for the party who claimed Confidential Information treatment. The Clerk is authorized to deliver said Confidential Information to said counsel. Also upon the final resolution of the Subject Litigation, including any appeal therefrom, all original documents and things, and copies or reproductions thereof, that are or contain Confidential Information shall be destroyed or returned to counsel for the party that produced the document or thing, except that counsel of record for each party may maintain for its files one copy of any court papers, deposition or trial exhibits, and transcripts containing

any Confidential Information. The counsel of record shall certify in writing that all documents and things and copies thereof that are or contain Confidential Information have been destroyed or returned in accordance with this Order.

21. Nothing in this Order or any designation of Materials as "CONFIDENTIAL" hereunder shall constitute an agreement regarding the scope of discovery or shall affect the admissibility of any information, including Confidential Information, including, without limitation, the authenticity or relevance of the Materials, in connection with any motion, hearing, trial, or other proceeding in the Subject Litigation.

22. This Order shall be without prejudice to the right of any party to oppose disclosure of any document or information for any reason other than confidentiality. This Order may be changed only by further agreement of the parties in writing or by order of the Court, and is without prejudice to the rights of any party to move in good faith for relief from any of its provisions, or to seek or agree to additional protection for any particular Material, including but not limited to heightened confidentiality protection.

23. The counsel of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Material stamped "CONFIDENTIAL."

24. Neither this Order nor the fact of its existence nor any designation of Materials as "CONFIDENTIAL" shall be offered or admitted into evidence at a jury trial or argued or disclosed to any jury in this litigation. For the avoidance of doubt, the parties agree that the removal of any confidential designation printed on any document for the purposes of this Order shall not be grounds for objecting to the admission of a document into evidence at trial.

25. Nothing herein shall be deemed to waive any applicable privilege.

26. This Order shall be binding on all parties to the Subject Litigation, as well as their counsel and other agents, and is intended to reach all conduct by such persons, whether undertaken in the United States or elsewhere.

27. This Order may be executed in counterparts.

Jointly submitted on this 19th day of March, 2008 by:

| | |
|---|---|
| HOWREY LLP<br>153 East 53rd Street, 54th Floor<br>New York, New York 10022<br>*Attorneys for Plaintiffs*<br><br>By: _____William O. Purcell_____<br>William O. Purcell<br>Ethan Litwin | PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>*Attorney for Defendant*<br><br>By: _____Aidan Synnott_____<br>Leslie Gordon Fagen<br>Aidan Synnott<br>William Taylor |

ENTERED this 20 day of March 2008.

_____
Honorable Harold Baer, Jr.
UNITED STATES DISTRICT COURT JUDGE

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED: _____
Hon. Harold Baer, Jr., U.S.D.J.
3/20/08

12

DM_US:21091567_1

## Exhibit A

## NONDISCLOSURE AGREEMENT

I, _____, have read and understand the terms of the Stipulated Protective Order (the "Order") entered in *Diario El Pais, S.L., et al. v. The Nielsen Company (US), Inc.*, Civil Action No. 07-11295, Judge Harold Baer, Jr., United States District Court for the Southern District of New York ("the Court"). I hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing the Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, in _____.


/s/ _____

DM_US:21091567_1