UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIARIO EL PAIS, S.L. and PRISACOM, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>THE NIELSEN COMPANY (US), INC.,<br><br>Defendant. | 07-CV-11295 (HB) |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT BY DEFENDANT THE NIELSEN COMPANY (US), INC.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Defendant The Nielsen Company (US), Inc.*

Of Counsel:

    Leslie Gordon Fagen
    Aidan Synnott
    William J. Taylor, Jr.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT...................................................................................................................................2

I.  THE AMENDED COMPLAINT AND THE GOVERNING CONTRACT SHOW THAT PLAINTIFFS CANNOT STATE A CLAIM AGAINST NIELSEN ......................2

    A.    Well-Settled Law Precludes Plaintiffs' Eleventh-Hourt Attempt To Amend Their Pleading Through Their Opposition Brief..................................2

    B.    Plaintiffs' Contention that the Prisacom/Netratings Contract Does Not Govern Here Is Misguided and Meritless..........................5

    C.    New York's Economic Loss Rule Bars Plaintiffs' Tort Claims.......................6

    D.    The Contract's Limitation-of-Liability Clause Bars Plaintiffs' Negligence Claims.......................................................7

II.  PLAINTIFFS' TORT CLAIMS SHOULD ALSO BE DISMISSED BY THIS COURT BECAUSE THEY ARISE ONLY FROM CONSTITUTIONALLY-PROTECTED STATEMENTS OF OPINION................................................................................8

III. PLAINTIFFS HAVE FAILED TO PLEAD FACTS SUFFICIENTLY TO ALLEGE ANY OF THE CLAIMS IN THE AMENDED COMPLAINT ..........................9

CONCLUSION................................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

CASES

*Arista Records LLC* v. *Lime Group LLC*,
   532 F. Supp. 2d 556 (S.D.N.Y. 2007) ..................................................................3-4

*Bell Atl. Corp.* v. *Twombly*,
   127 S. Ct. 1955 (2007)............................................................................................ 10

*Clark-Fitzpatrick, Inc.* v. *Long Island R.R. Co.*,
   516 N.E.2d 190 (N.Y. 1987)..................................................................................5-6

*Gross* v. *N.Y. Times Co.*,
   623 N.E.2d 1163 (N.Y. 1993)................................................................................... 8

*Hotel Employees & Rest. Employees Union, Local 100* v. *City of New York Dep't
   of Parks & Recreation*, 311 F.3d 534 (2d Cir. 2002) .................................................. 4

*In re Currency Conversion Fee Antitrust Litig.*,
   265 F. Supp. 2d 385 (S.D.N.Y. 2003) ....................................................................... 4

*In re Take-Two Interactive Sec. Litig.*,
   No. 06 Civ. 803 (SWK), 2008 WL 1757823 (S.D.N.Y. Apr. 16, 2008) ..................... 3

*JSC Foreign Econ. Ass'n Technostroyexport* v. *Int'l Dev. & Trade Servs.*,
   295 F. Supp. 2d 366 (S.D.N.Y. 2003) ....................................................................... 4

*LaSalle Bank Nat'l Ass'n* v. *Citicorp Real Estate Inc.*,
   No. 02 Civ. 7868 (HB), 2003 WL 1461483 (S.D.N.Y. Mar. 21, 2003) ..................... 3

*Manhattan Motorcars, Inc.* v. *Auotomobili Lamborghini, S.p.A.*,
   244 F.R.D. 204 (S.D.N.Y. 2007) .............................................................................. 6

*Masters* v. *Wilhemina Model Agency, Inc.*,
   No. 02 Civ. 4911 (HB), 2003 WL 145556 (S.D.N.Y. Jan. 17, 2003) ........................ 3

*Mathias* v. *Daily News, L.P.*,
   152 F. Supp. 2d 465 (S.D.N.Y. 2001) ....................................................................... 3

*Onanuga* v. *Pfizer, Inc.*,
   No. 03 Civ. 5405 (CM), 2003 WL 22670842 (S.D.N.Y. Nov. 7, 2003) .................... 6

*Search King, Inc.* v. *Google Tech., Inc.*,
   No. CIV-02-1457-M, 2003 WL 21464568 (W.D. Okla. May 27, 2003) .................... 8

**Page(s)**

*Sofi Classic S.A. de C.V.* v. *Hurowitz*,
   444 F. Supp. 2d 231 (S.D.N.Y. 2006) .................................................................. 2, 6

*Sommer* v. *Fed. Signal Corp.*,
   593 N.E.2d 1365 (N.Y. 1992) ............................................................................. 5-6

*Wright* v. *Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998) ..................................................................................... 3


### STATUTES AND RULES

Fed. R. Evid. 201 ................................................................................................................ 3

## **PRELIMINARY STATEMENT**

In our moving brief, we demonstrated that the claims brought by plaintiffs Diario El Pais, S.L. ("El Pais") and Prisacom, S.A. ("Prisacom") (together, "Plaintiffs") against defendant The Nielsen Company (US), Inc. ("Nielsen") should be dismissed based upon both the allegations in Plaintiffs' own Amended Complaint and the terms of the governing contract between Netratings Spain, S.L. Unipersonal ("Netratings") and Prisacom (the "Contract"). Plaintiffs' efforts to rebut our arguments by contending that the Contract "is nothing more than a red herring" and that somehow Nielsen, which never contracted to provide services to Plaintiffs, "is the proper defendant to this lawsuit" are without merit for several reasons:

*First*, Plaintiffs' belated attempt yet again to correct the pleading deficiencies in the Amended Complaint, by only now asserting new factual allegations in their opposition papers regarding the effect of the Contract and the relationship between Nielsen and Netratings, is improper under well-settled law and should be rejected. *See infra* pp. 2-4.

*Second*, Plaintiffs' argument that the Contract is not relevant because "the circumstances giving rise to Plaintiffs' claims are completely extraneous to the obligations assumed under the [Contract]" rests on a demonstrably incorrect understanding of the Contract and applicable law. *See infra* pp. 5-6.

*Third*, Plaintiffs fail to address the fact that their claims are precluded because the damages they seek—for the purely economic losses of "lost advertising revenue" and damage to "business reputation"—are inherently contractual in nature and under the law may not be recovered in tort. *See infra* p. 6.

*Fourth*, and contrary to their assertion in the opposition brief that the relevant contractual provisions are not applicable here, Plaintiffs' negligence claims are precluded by the Contract's limitation-of-liability clause. *See infra* p. 7.

Moreover, Plaintiffs' claims fail because they run afoul of the free-speech protections of the U.S. and New York Constitutions, and because Plaintiffs have not adequately alleged any of their causes of action.

Accordingly, we respectfully submit that the Amended Complaint should be dismissed with prejudice.

## ARGUMENT

### I.

### THE AMENDED COMPLAINT AND THE GOVERNING CONTRACT SHOW THAT PLAINTIFFS CANNOT STATE A CLAIM AGAINST NIELSEN

**A.  Well-Settled Law Precludes Plaintiffs' Eleventh-Hour Attempt To Amend Their Pleading Through Their Opposition Brief**

As our moving brief showed, Plaintiffs were required to plead in their Amended Complaint sufficient factual allegations (a) to explain why the Contract does not govern and therefore does not bar their claims or (b) to demonstrate that, despite the fact that Netratings was the party to the Contract and rendered the services at issue, Nielsen was the real actor and therefore the appropriate defendant here. (Mov. Br. at 10-11); *see also, e.g., Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 240-41 (S.D.N.Y. 2006) (Marrero, J.) (discussing pleading requirements for claims that seek to pierce the corporate veil). Despite our showing of all these pleading deficiencies in our original motion to dismiss, Plaintiffs ignored these issues in crafting their Amended Complaint. (*See* Nielsen's 2/8/08 Br. at 9-10; Mov. Br. at 10-11.)

2

However, apparently only now recognizing these shortcomings in their pleading, Plaintiffs attempt to correct them by trying to insinuate new factual allegations in their opposition brief. In particular, that brief sets forth several pages of new factual allegations—none of which was contained in the Amended Complaint—that it asserts are enough to show that the Contract "does not govern the adjudication of this dispute" and that "neither Netratings nor Nielsen Online is sufficiently independent from [Nielsen] to absolve the latter from liability" in this action. (Opp. Br. at 6, 8; *see id.* at 3-6, 8-14.)

As this Court has noted, "it is axiomatic that a party opposing a motion to dismiss cannot amend its complaint through its briefs." *LaSalle Bank Nat'l Ass'n v. Citicorp Real Estate Inc.*, No. 02 Civ. 7868 (HB), 2003 WL 1461483, at *4 (S.D.N.Y. Mar. 21, 2003) (Baer, J.); *see Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *Mathias v. Daily News, L.P.*, 152 F. Supp. 2d 465, 480 (S.D.N.Y. 2001) (Marrero, J.); *see also Masters v. Wilhemina Model Agency, Inc.*, No. 02 Civ. 4911 (HB), 2003 WL 145556, at *1 (S.D.N.Y. Jan. 17, 2003) (Baer, J.) (noting that "[i]t is improper . . . 'to assume that the [plaintiffs] can prove facts that it has not alleged'").[1] And under this Court's rules, Plaintiffs' one chance to amend their pleading has passed. (*See* Mov. Br. at 25.)

---

[1] Any argument that consideration of these new factual allegations is somehow warranted under principles of judicial notice is meritless. (See Opp. Br. at 4 n.1.) As an initial matter, Plaintiff's assertion that Nielsen, a distinct corporate entity, is somehow "liab[le] for the alleged conduct in the Amended Complaint" (*id.* at 14) is not an appropriate subject of judicial notice. *See* Fed. R. Evid. 201 (noting that "[a] judicially noticed fact must be one not subject to reasonable dispute"). As we showed in our moving brief, the Contract, as well as the most basic principles of corporate law, preclude such liability. (*See* Mov. Br. at 10-12.) In addition, as discussed below, *infra* p. 4, even if the Court were to take judicial notice of these statements, it would not matter. They have no relevance and do not in any way "meaningfully contradict" the Contract. *In re Take-Two Interactive Sec. Litig.*, No. 06 Civ. 803 (SWK), 2008 WL 1757823, at *8 n.4 (S.D.N.Y. Apr. 16, 2008).

The cases on which Plaintiffs rely do not support their position. *See Arista Records LLC v. Lime Group LLC*, 532 F. Supp. 2d 556, 571 (S.D.N.Y. 2007) (judicial notice of statements on website to

Moreover, even if these allegations had been made at the proper time, they fall short of the "specific facts" required to plead that Nielsen, rather than Netratings, is the proper defendant. *See, e.g. JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*, 295 F. Supp. 2d 366, 379 (S.D.N.Y. 2003) (Koetl, J.) (noting that, to avoid dismissal of a veil-piercing claim under New York law, a party must plead sufficient facts to allege both "that the owner exercised complete domination over the corporation with respect to the transaction at issue" and "that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil"); *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 426-27 (S.D.N.Y. 2003) (Pauley, J.) (noting that "purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability"). At the most fundamental level, Plaintiffs have made no showing that any of the statements they point to was made by or refers to defendant The Nielsen Company (U.S.), Inc.—as opposed to a different Nielsen entity, such as, for example, The Nielsen Company, B.V., a Netherlands corporation of which, the Amended Complaint states, "[d]efendant is a subsidiary." (Am. Cplt. ¶ 19.) Nor have Plaintiffs made a showing that these statements were made by or refer to the contracting party, Netratings Spain, S.L. Unipersonal.

Thus, for the reasons discussed in our moving brief, Plaintiffs' claims should be dismissed with prejudice.

---

show deficiencies in plaintiffs' allegations on motion to dismiss, not to supply allegations omitted from complaint); *Hotel Employees & Rest. Employees Union, Local 100* v. *City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 548-49 (2d Cir. 2002) (judicial notice of statements on defendants' website to support grant of summary judgment for defendants, and not to revise pleadings). These cases make clear that what Plaintiffs attempt is improper; the judicial-notice doctrine does not allow them to skirt the requirement to plead in their complaint all aspects of their claims. *See, e.g. Arista Records*, 532 F. Supp. 2d at 569 n.16 (where allegation appears in the opposition brief and "does not appear in the [complaint] itself, [it] cannot be considered by the Court in evaluating [the] motion to dismiss").

B. **Plaintiffs' Contention that the Prisacom/Netratings Contract Does Not Govern Here Is Misguided and Meritless**

In our moving brief, we explained that Plaintiffs' claims should be dismissed under the rule laid down in *Clark-Fitzpatrick, Inc.* v. *Long Island Rail Road Co.* and its progeny because Plaintiffs have not properly alleged the violation of "a legal duty independent of the [Contract] itself." 516 N.E.2d 190, 193 (N.Y. 1983). Plaintiffs assert that the Contract does not govern here because it addresses only "the provision of Nielsen data to Prisacom" while "[t]his dispute concerns Nielsen's provision of Nielsen data to third parties." (Opp. Br. at 8.) Indeed, Plaintiffs contend that the Contract "is strictly limited to setting forth the terms and conditions governing Prisacom's access and use of Nielsen's NetView service." (*Id.*)

This reading of the Contract is simply not supported by its language. Contrary to the assertions in the opposition brief, the terms of Contract make clear that it was entered into precisely so that the internet audience estimates provided by Netratings could be disclosed to parties *other than Plaintiffs*, i.e., to Prisacom's "advertising agencies and clients," and could be used "in the marketing and promotion of [Prisacom's] products and services." (Taylor Decl. Ex. D ¶¶ 5.1, 6.2.2.) And, as Plaintiffs must concede, the elpais.com audience estimates at issue here were published to all of Netratings's clients—to Prisacom as well as to the relevant "advertisers and advertising agencies that are Prisacom's actual and potential customers"—on the same dates (September 25, 2007 and September 26, 2007) and by means of the same NetView service that is the subject of the Contract. (Am. Cplt. ¶¶ 9, 28, 60, 69-70; Opp. Br. at 2; *see also* Litwin Aff. Ex. E.)

In *Sommer* v. *Federal Signal Corp.*, which we cited in our moving brief, the New York Court of Appeals identified "several guideposts for separating tort from contract claims." 593 N.E.2d 1365, 1369 (N.Y. 1992). This case plainly falls on the contract side of

5

that separation. There can be no dispute that the injury here is of a purely economic nature and does not involve "personal injury or property damage," *see infra*, and that the alleged damages, which Plaintiffs contend are ongoing, do not result from the sort of non-contractual, unanticipated "abrupt, cataclysmic occurrence" referred to in *Sommer*. 593 N.E. 2d at 1369-70; *see also Onanuga* v. *Pfizer, Inc.*, No. 03 Civ. 5405 (CM), 2003 WL 22670842, at *3 (S.D.N.Y. Nov. 7, 2003) (McMahon, J.) (applying *Sommer* on a 12(b)(6) motion).

In the end, Plaintiffs' claims remain, in the words of *Clark-Fitzpatrick*, "merely a restatement, albeit in slightly different language," of Netratings's obligations under the Contract and an attempt by Plaintiffs to accuse Nielsen of violating these obligations. 516 N.E.2d at 194. This attempt is improper, and Plaintiffs' strained effort now to distinguish the applicable case law on the facts is unavailing. (*See* Mov. Br. at 12-15.)

C.    **New York's Economic Loss Rule Bars Plaintiffs' Tort Claims**

We demonstrated in our moving brief that Plaintiffs' claims fail because the damages they seek are essentially contractual in nature and thus may not be recovered in tort. (*Id.* at 14.) This "economic loss" rule, which Plaintiffs do not address at all in their opposition brief, is a separate bar to their tort claims. *See, e.g., Manhattan Motorcars, Inc.* v. *Auotomobili Lamborghini, S.p.A.*, 244 F.R.D. 204, 220 & n. 141 (S.D.N.Y. 2007) (Scheindlin, J.). Thus, even if Plaintiffs were correct and they properly alleged violation of a legal duty distinct from the obligations created by the Contract, it would not matter. Each of Plaintiffs' tort claims against Nielsen—which seek only damages for the purely economic losses of "advertising revenue" and injury to its "business reputation"—should be dismissed.[2]

---

[2]    Although there is some disagreement on the issue, the better view, expressed in several New York cases, is that the economic loss rule applies not only to negligence claims, but also to intentional torts, where, as here, "the damages sought are essentially contractual." *Sofi*, 444 F. Supp. 2d at 246-27. (citing cases).

### D. The Contract's Limitation-of-Liability Clause Bars Plaintiffs' Negligence Claims

In a footnote to their brief, Plaintiffs challenge our argument that the limitation-of-liability clause contained in the Contract bars their negligence claims against Nielsen. Plaintiffs contend that this clause instead "applies only to two types of claims": (i) those "resulting from agreements between Prisacom and a third party" and (ii) those "made against Prisacom by a third party," and that "[n]either case is applicable here." (Opp. Br. at 12 n.6.)

The Contract language says otherwise. The Contract eliminates all liability—both contractual and extracontractual—"for indirect, special, incidental, consequential, punitive or confidence damages" to the "maximum scope" permitted by law. (Taylor Decl. Ex. D ¶¶ 9.3, 9.6.) Plaintiffs' assertion that only "two types of claims" are covered by the clause is belied by the plain terms of the clause. The language upon which Plaintiffs rely follows the word "including." (*Id.* ¶ 9.3.) Thus, this language clearly does not constitute a limit on the scope and bounds of the limitation-of-liability clause, but merely sets forth two examples of claims *included* under the clause.

And, even under Plaintiffs' reading, the Contract's limitation-of-liability clause would bar the claims. The Amended Complaint make clear that the only liability alleged and the only damages sought in this case arise out of purported "existing or prospective contractual relations" (i.e., "agreements") between Plaintiffs and their third-party advertisers. (*See, e.g.*, Am. Cplt. ¶¶ 2, 3, 78, 83-84, 89-91, 93, 97-99.)

\*    \*    \*    \*

Accordingly, and for all the reasons discussed in our moving brief, Plaintiffs' claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

II.

**PLAINTIFFS' TORT CLAIMS SHOULD ALSO BE
DISMISSED BY THIS COURT BECAUSE THEY ARISE ONLY
FROM CONSTITUTIONALLY-PROTECTED STATEMENTS OF OPINION**

Plaintiffs' argument that the free-speech protections of the United States and New York Constitutions that protect the expression of opinion do not bar their tort claims boils down to a contention that Netratings's internet audience estimates and website rankings are somehow "facts" not "opinions" because defendant allegedly "unambiguously asserts" that these estimates "are accurate." (*See* Opp. Br. at 14-18.) That contention is contradicted by the law and the facts.

On the law, *Search King, Inc. v. Google Technology, Inc.*, No. CIV-02-1457-M, 2003 WL 21464568 (W.D. Okla. May 27, 2003), upon which we relied in our moving brief and Plaintiffs relied in opposition, is instructive. That court considered the argument raised by Plaintiffs—i.e., whether defendant's assertions that its website ranking system was "objective and mechanical, and . . . honest" make the statements at issue "facts" rather than constitutionally-protected opinions—and rejected it as "unpersuasive." *Id.* at *3-4; *see also, e.g., Gross v. N.Y. Times Co.*, 623 N.E.2d 1163, 1167 (N.Y. 1993) (noting that the "test for determining what constitutes a nonactionable statement of opinion" under the New York Constitution "is decidedly more protective of 'the cherished constitutional guarantee of free speech'" than is the test under the U.S. Constitution); (Mov. Br. at 15-18).

And, on the facts, Plaintiffs once again ignore the plain language of the Contract, which, contrary to Plaintiffs' argument, does not contemplate that the audience estimates and website ratings published by Netratings constitute "hard, cold facts." (Opp. Br. at 16.) Instead, as we showed in our moving brief, the Contract makes clear that ratings are not simply facts but opinion. That is because the Contract contains caveats that there are inherent

limitations to the Netratings system, and that the reliability of all information provided through the Netratings system necessarily "corresponds to the[se] limitations." (Mov. Br. at 4; *see* Taylor Decl. Ex. D ¶ 9.1.)[3]

Accordingly, Plaintiffs' attempt to distinguish the relevant case law should be rejected and all of Plaintiffs' claims should be dismissed as constitutionally invalid.

### III.

### PLAINTIFFS HAVE FAILED TO PLEAD FACTS SUFFICIENTLY TO ALLEGE ANY OF THE CLAIMS IN THE AMENDED COMPLAINT

In our moving brief, we show the many pleading deficiencies in the Amended Complaint. We do not repeat that showing here, but instead make just three points in response to the arguments raised in Plaintiffs' opposition brief.

*First*, as to special damages, Plaintiffs simply have no persuasive explanation why

REDACTED

in any way satisfies their obligation to "fully and accurately state[]" all special damages "with sufficient particularity to identify actual losses." The allegations in the Amended Complaint simply do not adequately notify Nielsen, as they must, of "the exact losses claimed." (*See* Mov. Br. at 21-22.)

*Second*, with regard to their negligent misrepresentation claim, Plaintiffs ignore the well-settled case law in our brief in which allegations of the sort in the Amended Complaint were dismissed on pleading grounds. Plaintiffs also fail to address the basic facts that the

---

[3] The netratings.com website, which Plaintiffs assert supports their claims, similarly notes that the NetView service does not provide facts, but rather "panel-based *projections* of Web site audiences." (Taylor Reply Decl. Ex. A (emphasis added).)

relationship at issue was established by a commercial contract between Prisacom and Netratings, it extends only as far as the scope of that contract, and it is thus insufficient to sustain a negligent misrepresentation claim against Nielsen.  And Plaintiffs make no effort to satisfy this Court's requirement that negligent misrepresentation claims satisfy the heightened pleading standard of Rule 9(b).  (*See id.* at 24-25.)

*Finally*, Plaintiffs' allegations of actual malice and of the various elements of the tortious interference with prospective economic advantage claim remain unsupported and conclusory.  As shown in the moving brief, they fall well short of the applicable pleading standard, only recently clarified by the Supreme Court in *Bell Atlantic Corp.* v. *Twombly*, 127 S. Ct. 1955 (2007).  (*See* Mov. Br. at 20-21, 22-24.)

## CONCLUSION

For the foregoing reasons, and those in the moving brief, the Court should grant Nielsen's Fed. R. Civ. P. 12(b)(6) motion and dismiss all claims in the Amended Complaint with prejudice.

Dated:  New York, New York
        May 15, 2008

>           PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
>
>           By:  ____/s/ Leslie Gordon Fagen_____
>                Leslie Gordon Fagen (lfagen@paulweiss.com)
>                Aidan Synnott (asynnott@paulweiss.com)
>                William J. Taylor, Jr. (wtaylor@paulweiss.com)
>
>                1285 Avenue of the Americas
>                New York, New York  10019-6064
>                (212) 373-3000
>
>           *Attorneys for Defendant The Nielsen Company (US), Inc.*